*Chambers v. Sessions*

BIA
Connelly, IJ
A046 242 785

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand eighteen.

Present:
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
        DENNY CHIN,
            *Circuit Judges.*

_____

KAYON DAMION CHAMBERS, AKA Kevin Moore,
AKA Marvin Brown, AKA Kevin Orlando Brown,
AKA Maurice Simpson,

        *Petitioner*,

      v.                      16-2344

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

        *Respondent*.

_____

For Petitioner:                BRIAN A. SUTHERLAND (Devin M. Misour, Reed Smith LLP, Pittsburgh, PA, *on the brief*), Reed Smith LLP, San Francisco, CA.

For Respondent:    JENNIFER A. SINGER, (Janette L. Allen, Jeffery R. Leist, Senior Litigation Counsel, and Chad A. Readler, Acting Assistant Attorney General, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Kayon Damion Chambers, a native and citizen of Jamaica, seeks review of a June 9, 2016 decision of the BIA affirming the February 12, 2016 decision of an Immigration Judge ("IJ") denying relief under the Convention Against Torture ("CAT").   *In re Kayon Damion Chambers*, No. A046 242 785 (B.I.A. June 9, 2016), *aff'g* No. A046 242 785 (Immig. Ct. Batavia Feb. 12, 2016).   We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the burden finding that the BIA declined to reach.   *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).   Our jurisdiction is limited to colorable constitutional claims and questions of law given that Chambers is removable as an alien convicted of a controlled substance offense and an aggravated felony drug trafficking crime.   *See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also Ortiz-Franco v. Holder*, 782 F.3d 81, 91 (2d Cir. 2015).   We review such claims de novo.   *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

As an initial matter, we treat Chambers's arguments as exhausted.   *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) (recognizing our "broad discretion to consider subsidiary legal arguments that were not specifically raised below" (internal quotation marks omitted)). Nevertheless, those arguments are without merit.   We conclude that the agency did not commit constitutional or legal error in finding that Chambers failed credibly to establish that he is a

bisexual man who would likely be tortured in Jamaica. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (holding that in determining whether petitioner has satisfied his burden of proof for asylum and related relief, an IJ must "(1) 'decide explicitly' whether or not the candidate's testimony was credible (without relying exclusively on the lack of corroborating evidence); and, if credible, (2) determine whether additional corroboration is nonetheless necessary for the candidate to meet his or her burden of proof" (quoting *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000))); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).

Here, the record shows that the IJ "decid[ed] explicitly," *Zaman*, 514 F.3d at 237, that Chambers was not credible based on the totality of the circumstances because, *inter alia*, (1) although Chambers submitted evidence to corroborate his "numerous heterosexual relationships," Chambers was only able to produce witnesses who made inconsistent statements and did not seem to know much about any of his same-sex *or* heterosexual relationships, despite calling those witnesses for the purpose of "corroborat[ing] some of the details of his personal life and his sexual orientation," Certified Administrative Record ("CAR") at 87; and (2) Chambers was unable to "produce any specific details" when describing a same-sex relationship that lasted for ten years, *id.* at 88.[1]    The IJ also twice observed that he was "not fully persuaded of the respondent's claim that he is a person who is bisexual."    *Id.* at 87–88; *see also Zaman*, 514 F.3d at 237–38 (construing an ambiguous decision as an explicit adverse credibility determination given the IJ's expressed doubts about the applicant's credibility and cited three reasons for the denial of

---

[1]  Chambers argues, and the Government agreed at oral argument, that the agency did not make an adverse credibility determination as to Chambers himself, and instead denied relief based on lack of corroboration alone.    We disagree.    Just as we have done here, the BIA ultimately construed the IJ's decision as based on an adverse credibility determination as to Chambers himself by concluding that "the inconsistencies and discrepancies cited by the Immigration Judge are present in the record and provide specific, cogent reasons for an adverse credibility determination" and citing to our seminal case on post-REAL ID Act adverse credibility determinations; nowhere did the BIA suggest that denial of relief was based on a finding of insufficient corroboration.    CAR at 3 (citing *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)).

3

relief); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("[A]n IJ may rely on ***any*** inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (emphasis in original) (citing 8 U.S.C. § 1158(b)(1)(B)(iii))); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

We therefore reject Chambers's argument that the agency was required to evaluate whether evidence corroborating Chambers's past same-sex relationships was reasonably available before relying on its absence to support the adverse credibility determination.[2]   *See Biao Yang*, 496 F.3d at 273; *see also Diallo v. Gonzales*, 445 F.3d 624, 633–34 (2d Cir. 2006) (noting that the agency is not required to evaluate the availability of corroborating evidence when it determines that the applicant is not credible).   Nor did the agency err in considering whether Chambers established that he was bisexual based on his past sexual relationships, rather than his internal orientation, because that is how Chambers sought to establish his bisexuality before the agency.

Chambers also argues that the agency deprived him of due process by requiring evidence that he has had same-sex partners without providing notice that such evidence would be required.

---

[2] Credibility determinations are factual findings not subject to review given Chambers's convictions.   *See* 8 U.S.C. §§ 1252(a)(2)(C), 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165 (reviewing factual findings, including credibility rulings, for substantial evidence).   The record reflects that the agency's adverse credibility determination was not based on a mischaracterization of the record so as to constitute an error of law over which we may exercise jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (recognizing that an error of law may occur if the agency completely overlooks or seriously mischaracterizes material facts).

We disagree. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation and internal quotation marks omitted). It was Chambers's burden to prove his eligibility for CAT relief, *see Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir. 2005), and the IJ provided Chambers with a full and fair opportunity to do so. The IJ continued proceedings three times, once over the Government's objection, to allow Chambers to retain counsel. When Chambers was unable to arrange for his witnesses to attend his hearing in-person, the IJ continued proceedings to permit Chambers to arrange for his witnesses to appear via video conference instead. The IJ also explicitly acknowledged that Chambers was proceeding *pro se* and assisted Chambers in questioning witnesses by explaining how to phrase questions and helping him object to questions on cross-examination. The IJ even directly questioned the witnesses and attempted to clarify inconsistencies in their testimony. Furthermore, the fact that Chambers proffered statements and testimony from his mother, sister, and a family friend to corroborate his claim that he is bisexual demonstrates that Chambers was aware that he should provide evidence of his sexual orientation, and that he was provided an opportunity to present such evidence. The IJ was not required to give advance notice that Chambers should also provide statements or testimony from his past same-sex partners given that the IJ was "not [] able to decide sufficiency of evidence until all the evidence has been presented." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009). In fact, if the evidence that Chambers submitted to the IJ had been consistent and detailed, that evidence alone might have been sufficient to corroborate Chambers's claim. *See id.* ("[A]n IJ may not determine that corroboration is necessary until all the evidence is in, and the IJ has had an opportunity to weigh the evidence and prepare an opinion . . . ."). Because Chambers was aware that he might need witness testimony to support his claim that he is bisexual and he was provided

5

an opportunity to present witnesses, Chambers's due process claim is without merit. *See Burger*, 498 F.3d at 134.

We have considered Chambers's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED, and the pending motions to dismiss and to stay removal are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk